Ron Holland v. Swift Transportation, Interstate Equipment Leasing, Mr. Killebrew, Mr. Moyes This is the, I think it's the third time this case has been before this court on essentially the same, yet a related issue, and that's the Section 1 exemption under the Federal Arbitration Act. The first time, it was here on mandamus, Petitioner's plaintiff's motion for mandamus, and the court, although denying mandamus, held that the Section 1 exemption was properly one that's decided by the district court and not delegable to the arbitrator. The second time, the matter was here on appeal. On the same issue. Essentially. Because the judge certified that issue. Yeah, and the court without oral argument said, well, we told you that this is not delegable to the arbitrator, the court has to decide it. The language that was chosen in that decision by the panel, Judge Akuta was on that panel, says that the contractor agreements, capital C, capital A, the contractor agreements must be reviewed to determine whether the Section 1 exemption applies. Well, now we're here a third time to determine whether the district court is following the circuit's instruction to review the contractor agreements or whether it's gone too far by setting a foot, by setting a foot. Yes, one second. Can I just address something at the outset? Because this is what troubles me about your case. I'm having difficulty finding this order that the district court entered, a scheduling order, to be an appealable order. And assume that it's not for a moment. Even if the district court was wrong, is wrong in what it's doing, is this mandamus worthy, to use a different, to use a term that appears nowhere in the case law? Well, sure. Putting aside that we do believe that the, not the scheduling order, but the order on the motion is an appealable order under Section 16. I understand your position. I'm just asking you to assume it's not the case. No, we do believe that this is mandamus worthy. There is, addressing the third Bauman factor, there's clear error here. The error is clear, Your Honor, because this is not actually a case of first impression. This is a case of interpretation of what the court must do to determine the Section 1 exemption. And there are at least a half a dozen, if not a dozen, cases before the Court that have not gone further than a review of the contractor agreements. But it's not an invariable rule that there might not be discovery, correct? For example, if you have a Section 4 case in which the plaintiff says, I never signed this agreement. Sure. You'd have discovery and perhaps you'd have a merits hearing. You would. Now, your position is, but not here, and I think that position has some force, but I'm trying to figure out why it's such an egregious error that we need to grant mandamus. Well, first addressing the Section 4 issue just briefly, this isn't a Section 4 case. Right. But I'm saying that there can be discovery and merits hearings on the issue of whether or not a claim is arbitrable, and you agree. I don't know. But, no, I don't necessarily agree that discovery is appropriate or there can be discovery here. I do believe that this is a matter of cause. At this point, while the Court found in Van Dusen I that the jurisdiction couldn't be delegated by a matter of contract, this truly is a matter of contract. The requisite section requires the Court or exempts contracts of employment, so we have to look at how this contract was formed. How does the Court determine what is a contract of employment? So the Court here thought to determine that, whether it's a contract of employment, it's necessary to look at the relationship between the parties. What's your proposal as to how the Court should consider whether it's – what's the definition of contract of employment? I mean, I would look at strict contract rules. Our position, obviously, is the Court clearly here has gone too far because it's deciding the case on the merits and taking away from the arbitrator. So the question is, was there a contract formed at the time? What was the intention of the parties? We've got a contract. There's no question that it was signed by both parties. In fact, in this particular instance, if we take Mr. Scheer, Mr. Scheer was an employee of the company who affirmatively chose to become an independent contractor and then sign that agreement again. Those are really all the facts that you need to determine that there was an independent contractor agreement, or at least that was the intent of the parties at the time the contract was signed. What if the contract is ambiguous? What if the contract – this one is – this one has a label on it and everything else, but what if the contract's ambiguous and you're supposed to determine, as you just said, the intention of the parties? How does the judge do that? Well, the Arizona courts – not telling you, Your Honor, about what the Arizona law is, but the Arizona courts look at interpretation of a vague contract and try to interpret the contract, but interpret the contract consistent with the party's intent, not to contradict what the party's intent is. I absolutely agree. My question is, what if you can't tell from the face of the contract what the party's intent was? And we're applying Arizona law? And we're applying Arizona law. So there's a parole evidence rule? So in California, if the language is ambiguous, under certain circumstances, the court could take evidence. Is that true in Arizona? And would Arizona law apply? Well, the – so there are several questions in your question, Your Honor. So the Arizona law, according to the district court, Arizona law applies, and that issue is not before the court. And so we're going to concede for purposes of your question that Arizona law applies. The court didn't find that there was any ambiguity in the contract. Had it found that there was an ambiguity in the contract, once again, it can take – it can take extrinsic or parole evidence at that time with regard to that particular provision that it's finding ambiguous. But what it doesn't take is evidence of the post-contractual relationship. It takes evidence with regard to the formation of the contract in that provision. And that's what the court is not doing here. So at the end of the day, don't you have an adequate remedy at law if the district court gets it wrong? If we say everything you say is true, but we have a full record and it's decided, you have a remedy on appeal, right? Sure, Your Honor. After at least a year of comprehensive discovery and settlement and dispositive motions and likely a trial that decides the entire merits, we can then appeal and go back to arbitration and retry the matter. And so not to be sarcastic, Your Honor, but no, there is no adequate remedy. No, but that's the balm and factor on mandamus. That's the key thing. I agree. And the fact that it's expensive and awkward and judicially inefficient, that really doesn't play into the question of whether or not you have a remedy. But it's prejudicial, Your Honor. The court – the underlying court or jury determination will be prejudicial in any subsequent arbitration. Would it be any closer? Because there will be findings of fact and findings of law. What if the court shouldn't have held it? I'm sorry. What if we say at the end of the day the court shouldn't have held it? The court should have just read the contract and sent this to arbitration. Would we then give preclusive effect to the – to a jury verdict? If the court instructs that the arbitrator cannot consider the decision, then possibly not. However, because the – because the district court has ordered significant discovery on issues that are unrelated to the formation of the contract, there will be – there will be testimony that will be used as part of the arbitration when it's unclear whether that discovery would be allowed. Let me try this again. Judge Acuda had a question, but let me just try this again. Yes. If you went to arbitration, wouldn't you be doing discovery on exactly the same issues that you're doing discovery on now? In other words, their contention is that this – although this looks like an independent contractor agreement, you really treated their clients as employees. Presumably in arbitration, there would be discovery about exactly that issue. So I'm not all that sympathetic to your notion that you're going through discovery that you wouldn't have gone through otherwise. Well, we – Your Honor, of course there would be discovery. Whether it would be the same discovery, whether the arbitrator would make the same rulings with regard to that particular plaintiff is unclear. We can't speculate as to what an arbitrator would do, and that's the issue. What you're – what the court would be doing here is, regardless, taking all of that – all of the pretrial activities, the discovery, the rulings on discovery out of the arbitrator's hands. Well, that's why I asked the question. Are they – is it really – is the merits decision being taken out of the arbitrator's hands? Let's assume that the jury finds that these folks were independent contractors. Is it your view that the other side still has another shot to try it in arbitration? Yes, the other side may have a shot. I mean, after a full – after a full trial on the issue, the court could instruct the jury that even though the full issue has been litigated, it must return a verdict with regard to whether the Section 1 exemption applies, yet there be a full trial on the merits that will be presented to the arbitrator as far as prior – prior testimony under oath that the company will be held to with regard to the arbitration. So then it might just be – at that point, it might be a matter of damages, frankly. I'm – just so we're clear, I'm not – let's assume the testimony is not prejudicial because you're going to have the testimony anyway, one way or the other. My question is, do you think the arbitrator is bound by the jury's finding of employee, not employee? And that's my question as well, which is, what is the res judicata effect of any district court jury determinations in the – the Section 1 issue as the district court is proceeding? Well, it's – that's an interesting question, Your Honor. I would – I'd submit that the res judicata effect is going to be up to the district court and then in the hands of the arbitrator, subject to an arbitrary and capricious standard. Is that true? I mean, so – so we've told the district court to make this determination. The district court makes this ruling, and you're saying it's just a matter of question whether that has a binding effect? What if – what if the – well, what if – no, I'm not saying it's a question. I believe that the district court's ruling would be binding on the arbitrator. If the district court held on summary judgment that these folks are employees, there's really not anything else for us to do but proceed through class certification with a finding that they're employees. If the district court held on summary judgment that they were independent contractors, I believe that the arbitrator would be bound by that decision. And therefore, the party's benefit of their bargain, that is the individuals who struck the bargain and executed the contract to proceed to arbitration, will be deprived of that. And this – and if the court goes down this road and permits the district court to proceed as it does, you'll – you'll never have an arbitration or at least a full arbitration on the merits where the Section 1 exemption issue is in play. Let me go back to that. Let me go back to that and test it. So let's assume the district court finds that the claim is not arbitrable because these folks were employees. You would be able to appeal that decision to us, would you not? Yes.  An order of granting or denying arbitration. Yes, Your Honor. And we – let's assume that when it comes up the next time, the fourth time, God forbid, we say the district judge got this wrong. He shouldn't have had this hearing at all. He should have just decided it on the face of the complaint, on the face of the contract and should have sent it to arbitration. And we vacate whatever happened here, and it is to be of no precedential value. Is that a sufficient remedy by way of appeal for you? Well, I believe – let me first address the fact, Your Honor, that proceeding down this road is inconsistent with the Federal Arbitration Act. No. Let's assume I agree. Let's assume I agree. But you're asking us for mandamus. You're asking us for an extraordinary remedy against a judge who we didn't give precisely clear directions to the last two times. So I'm asking, let's assume you go down this road and you lose and you appeal. We can fix it. If you go down this road and you win, you'll be happy. They'll appeal, but we'll say you can't claim that this shouldn't have gone to a jury because you were up here a few months ago telling us it should have gone to a jury. Why isn't that the happiest of all worlds? It's not the happiest of all worlds from – Your Honor, you're asking whether we're prejudiced or not versus the judicial economy of proceeding down this road. Well, if you are – if you get the verdict from the district court and you appeal, you'll have litigated the issue that you contracted to arbitrate. Is that correct? Yes. Yes, Your Honor. We'll have litigated the issue. And the litigation of the issue itself before the district court is the prejudice. The prejudice is inherent in the requirement that we litigate the entire matter before the district court when we've contracted to do so before an arbitrator. Well, on the other hand, if you ended up in arbitration after all that, you have a full record. You've considerably reduced the time for discovery and presentation in the arbitration. So, you know, that's a factor as well. Yes, Your Honor, but we've minimized the involvement of the arbitrator. And, in fact, at that time we've probably eviscerated the whole arbitration process. There really isn't much for the arbitrator to do at that point if the district court is going to make findings of fact and findings of law prior to sending it to the jury through the process of dispositive motions and motions in limine. What would the arbitrator have left to decide? So if the district court went through the determination, the course it's going, and determines whether it is an employee-employee relationship or it's not, what would the arbitrator have left? Well, arguably nothing, depending on what — how the case comes to the arbitrator. Arguably, the arbitrator at that point could retry the matter and decide, contrary to what the district court found, that they're independent contractors, that they're actually employees. And then what you would have is different results between the district court and the arbitrator. And that would depend on the race judicata effect of the district court's judgment. Correct, Your Honor. Okay. We've taken you up to your time. My maximum limit before I reserve two minutes for rebuttal. May I do that now, Your Honor? No, but we'll give you a couple minutes. Thank you. You can't reserve, but we can give you some time. Your Honors, this appeal and the mandamus should both be dismissed as untimely. The defendants are objecting to a scheduling order and discovery order that was entered in July of 2014. Their notice of appeal from those orders was not filed until February 2015. Well, I take it they're arguing that they're appealing not from those orders, but from the district court's denial of their motion to vacate. Yes. And they say that in their reply brief on page 1. Well, I know they say it, so tell me why it's wrong. They say the reason that we are not appealing from the original entry of the discovery order, but from the denial of the motion to set aside the discovery order, is because when the original discovery order was entered, we had no idea what the scope of discovery was going to be. All the Court did, and this is a quote from their brief, all the Court did was set dates and procedures. There's going to be dispositive motions. There's going to be five depositions. No hint of what the discovery was about. What the defendants completely ignore is that the day before the scheduling order was entered, Judge Sedgwick entered an order. It's document 546, supplemental excerpts 44, in which he said in great detail what the discovery was going to be about. He said, we're going to get to it. So let's assume it's untimely. Let's assume there's — they should have done it earlier. Let's move on to — move on to why you think Judge Sedgwick is right in what he's doing. One possible — if it's untimely, it is black-letter law in the Ninth Circuit that an untimely — you cannot file a mandamus to make up for an untimely issue. No, I understand your position on it, and you may or may not be right. That's not my question. My question is, as I take your position in this case, it's notwithstanding the fact that this looks and walks like an independent contractor agreement. It really isn't because the way they treated my clients was they treated them as employees. Is that a fair summary of your position? I would not quite put it that way. We concede that on the face of the contract, it recites that the plaintiffs are independent contractors. And on the face of the contract, it has the kind of provisions in it that one would expect to see in an independent contractor agreement, correct? It — that I would disagree with. I think there are many provisions in this that clearly suggest it's a contract of employment. But the point is that even the defendant concedes that the mere recitation that this is a contract of — independent contractor contract doesn't control the issue. No, I understand. And let me give you another assumption here, because — and I'll — this is what troubles me about the case. If I were an Arizona State court judge interpreting this agreement, I would not find it ambiguous. I would find that on its face, it is an independent contractor agreement. It doesn't mean your folks weren't treated as employees. That's the — that's the gist of your claim. But why do I go beyond the face of the contract here? Because the court— As an Arizona judge interpreting a contract. Because once you concede that the recitation that you are independent contractors does not control, then — then you're left with a question, well, what is a contract of employment? It's clearly something more than a contract that says you're an employee or an independent contractor. And in the Darden case, the Supreme Court says when Congress uses the term employee or employer in a Federal statute, as they do in the FAA, common law notions of employment apply. And what that means is, number one, the recitations of the parties as to whether you're an employee or independent contractor do not control. You— I understand that for FLSA purposes, but I'm having trouble with the word contract because the statute uses the word contract. And in Prima Paint, the Supreme Court says we're talking about categories of contracts. So how do I go past the contract, the deal that was made in writing by the two parties to look at whether for FLSA purposes it's actually an employer-employee? Right. It is the deal that was made. And we're not suggesting that you just throw the piece of paper out the window and look at what went on. But the concept of employment, the common law concept of employment, the Supreme Court teaches in Darden, requires an analysis of a great number of facts and factors, including whether the work that this work, this contract is dealing with, is in the ordinary course of what employees do. Well, that right there, you have to look to see what are the employees of this defendant doing, how are they treated, are their contract terms different from the contract terms set forth in the contract we're talking about? So are you saying there's unwritten contracts that are at issue? No. No, no, no. That the employer-employee here have entered into a different contract than the contract that's before us? No. No. We're interpreting the contract that is before us, but not just what the words mean, but the legal effect of it. Does it create an employment relationship? And if I were doing that as an Arizona State court judge, why would I look past the contract? The words and the legal effect of it are not factual issues, but legal issues. Tell me why under Arizona law the judge shouldn't decide this on the face of the contract. Because they are factual issues. Tell me what it is. For instance, the contract is. Let me back up for a second. Under Arizona law, when can you introduce extrinsic evidence in a contract? I can tell you, Montana, you clearly get discovery in the trial. California, probably. I don't know about Arizona. It's not different. Arizona, two cases, Smith v. Nelson, Darner v. Motor Sales v. Universal Underwriters. Both say in Arizona you don't even have to show ambiguity in a contract to get discovery and introduce extrinsic evidence. And is that the opposing counsel says it's evidence about the intent of the parties at the time of the contract, not subsequent relations or issues. Is that incorrect? Yes. It's complicated. But if you go back to Darner, the Supreme Court. Scalia. Darner, the plaintiff says, I never agreed to that stuff. You stuck a forum clause in an agreement, automobile company. I never read it. I never agreed to it. So I never agreed to that contract. The issue in Darner was whether the contract he entered was a contract of employment. Because if he was an independent contractor, then there was no ERISA violation. If he was an employee, the stuff that was added into the contract about if you compete is illegal. Right. But he says, I never agreed to that. So this went to contract formation in Darner. I don't think Darner says that if nobody disputes that you entered into the contract and agreed to the provisions, that we can't interpret them on their face. Your Honor, I don't think that's what Darner ---- the issue in Darner was whether the contract he signed with Nationwide was an employment contract or a contract of an independent contractor. You're thinking of the other case, not Darner? Excuse me? You're thinking of the other case you cited, not Darner? Wasn't Darner involving an automotive sales case? Oh, there are two cases. The Arizona case is Darner Motor Sales. Yes. I'm talking about the U.S. Supreme Court case. No, and I'm asking you about Arizona law. Thanks. That's why we were confusing each other. Right, but that's why we're confused. Under Arizona law, interpreting this con ---- why wouldn't interpreting this contract be a matter of law? Darner says you can bring in extrinsic evidence to show that you never really agreed to all the provisions of the contract. But here I don't think there's any dispute. You can bring in extrinsic evidence to explicate the meaning of the terms. And let me give you an example of why that's a ---- Even for any contract? Every contract? So there's no summary judgment on contracts in Arizona, in your view? Well, the evidence could be undisputed once you've done your discovery. But you get to do discovery even on the clearest contract to determine. Yes. But look at this contract. My colleagues would be surprised to hear that. Look at this contract. Let me give you a couple of examples. This contract says that Swift can fire these drivers for any reason, including violating any company policies. There's nothing in the four corners of the contract that tells you what those company policies are. But those company policies go to the very heart of control, and control is the heart of the employer question. What are those policies that they require these drivers to comply with? If they involve control of the manner and means of doing the job, that makes them employees. Or let me give you another example. There are dozens of NLRB cases applying the common law test of employment to determine whether truck drivers are employees or independent contractors. And one of the most critical aspects of that is whether the driver can drive for a different company or whether they are compelled to drive only for the company that is the alleged employer. Well, here we have two agreements signed simultaneously, the lease and the contractor agreement. One says you can drive for whoever you want, and the other says you have to drive for Swift. Now, how are we going to resolve that without some discovery as to which one of those control? Or let me give you another example. Well, but before you give me another example, let me ask you another question. Let's assume you — let's assume this proceeding goes through to the end that the district judge sees, and the district court finds that this is a contract of employment. Is there anything left for the arbitrator to do? Well, if he finds it's a contract of employment, there cannot be arbitration because it's exempted. Okay. So there's nothing for the arbitrator to do. Absolutely nothing. Let's assume he finds that it's an independent contractor contract. Are you stuck with that finding in front of the arbitrator? I believe so. It wipes out 90 percent. So we've wiped out — so under either scenario, we've wiped out the critical — because the critical issue for the arbitrator in this case is, is this a contract of employment or an independent contractor contract, correct? If this had been sent directly to arbitration, that's the issue you would have tried. I thought the issue was that the district court was an employer. Yes, but this Court has already determined the district judge has to decide whether this is a contract of employment. And once he does, if he finds it's employment, there is no arbitration. If he finds we're independent contractors, that wipes out all but one of our causes of action. There's one cause of action that doesn't turn on. Are you saying that the district court opinion would have race judicata effect, would have binding effect on the arbitrator? I have not researched this. I believe so. I would certainly say it's a practical matter. I cannot conceive of anybody trying to. Well, but couldn't a district court say something like this? Couldn't a district court say this appears to be an independent contractor agreement? You claim that you were really treated as employees, and you have a claim. But the fact that it's an independent contractor agreement doesn't mean you don't have a claim. It just means that you can now go to the arbitrator and try to show that, in fact, you were treated as employees. Because I take it that's really been your claim throughout this. Notwithstanding the face of the agreement, we were really treated as employees, isn't it? Yes. But the distinction is that there is no distinction. So I don't understand how that claim goes away based on the district court's finding. I would submit that there is no distinction between a contract of an employment and being employees. No one says the contract here has changed. All that happened under this contract happened under this contract. So the district court is determining the relationship between the parties, isn't that right? Isn't that what the scheduling order says? Yes. Whether, in fact, under, like, FLSA standards and the five factors, whether, in fact, this was an employee-employer relationship. Yes. I would submit it's the common law, not the FLSA standard. Common law. The – and so the district court says if, in fact, the relationship is employee- employer, then it's a contract of employment. So working backwards. That's how I read the scheduling order. Do you agree with that? I'm sorry. So if, in fact, there's an employee-employer relationship, then working backwards, that makes this a contract of employment. That's how I read the district court's reasoning. Do you agree? Yes. And the judge has been saying that from the very beginning of this case. When this – before this case came up the first time, the district court judge said, in order to decide whether this is a contract of employment, I've got to look at how the contract operates so I can understand and apply the Darden U.S. Supreme Court factors. That's going to be very complicated, so I'm going to send it to the arbitrator. And the other – the other – We filed for mandamus, and this court recited exactly what the district court said, that this would require a factual investigation into the relationship of the parties. But take it as given that we haven't decided this case yet. I mean, you can cite us the second – the disposition in the second case, but I – maybe Judge Acuda can convince me that she decided it already, but I don't – I don't get that from the face of the second opinion. But in the mandamus – both mandamus appeals, the defendants argued that – that they argued that you had to look at the facts of the relationship. And all that this Court said was, no, this is an issue for you to decide, Judge. The – the certified appeal was the judge saying, I know you hinted at this first time, Ninth Circuit, but I think you were wrong. So I'm going to certify this issue and test you. And they said, no, we – you read us correctly. The question of whether or not the contract is arbitrable is for the Court. I – look, you can try to read more out of it than that, but I think that's all that happened on the second appeal. But – but clearly the recitation of we are independent contractors in the contract doesn't control. Everybody agrees that doesn't control. And once that doesn't control, how do you figure out whether a contract is a contract of employment without resolving the ambiguities in the contract, and seeing how it or not an employee? And the Darden factors clearly require looking outside the four corners of the contract. You have – first you have to resolve all the ambiguities in the contract. Then you have to look and see how employees doing the same job are treated. You have to look and see whether, in fact, the controls that the company assigns to the drivers under the words of the contract can meaningfully be carried out. The contract says that they can turn down loads. Well, what's the consequence of turning down loads? If you get terminated for turning down loads, that's not a very meaningful control over your life, and it doesn't count in making you an employee – or making you an independent contractor. The only way to resolve this is to analyze the contract under the Darden factors, and that does require evidence outside the four corners of the contract. And I would say just one last word. That has been the defendant's position from day one. They have only taken a different – they told the Supreme Court that this thing – you've got to look at facts outside the contract. When they filed a cert petition from the second decision by this Court, it's only when the Court finally does what they say has to be done that now they've brought yet another appeal saying, well, no, actually, it should be the four corners of the contract. Whether it's ambiguous. Roberts. Thank you, counsel. For two minutes. Thank you, Your Honor. Just to address briefly basically a colloquy between counsel and Judge Aikuda. Judge Aikuda asked specifically the independent contractor agreement. Wasn't that the deal that was struck between the parties? And counsel conceded, yes, that was the deal. That's where the analysis stops. Well, let's assume, for example, that in the paragraph that talks about the company policies, that the company policies – and I know this isn't the case – but the company policy said independent contractors shall be treated as employees. Wouldn't that be relevant, extrinsic evidence? I don't know that it would be relevant extrinsic evidence, Your Honor. What it would be is when the district court reviewed the contractor agreement, it would weigh that provision against the 20 other provisions that says you're an independent contractor. Much like your first – I guess my question is how do you answer that question without actually seeing the policy, which is not part of the contract? I don't know that you have to answer the question through extrinsic evidence. I think that you could actually – you could, as part of the analysis and analyzing the contract, presume that it means the worst and weigh it against all of the other provisions in the contract that say you're an independent contractor. But under Arizona law, wouldn't you incorporate by reference into the contract the other policies? When – generally in Arizona law, when a contract refers to another document, it's incorporated by reference. It doesn't mean it's extrinsic evidence, but you might look at it. And if the other document said, ha-ha, doesn't really matter what we call you, you're really employees, wouldn't that be relevant? It might be relevant, Your Honor. I guess I was trying to address Judge Thomas's question of whether you would actually need the extrinsic evidence. And I – and defendant's position is that by – you could look at the four corners of the agreement, almost like the scales of justice, weighing the provisions against each other, and that's the role of the court to determine whether it walks like a duck, it talks like a duck, it must be a duck. If it walks like a duck and talks like a duck, it's an independent contractor agreement versus an employment agreement. What do we do if it walks like a swan? What do we do in this circumstance where we just can't tell from the face of it? Do we have discovery or not? No, Your Honor. That's their position. Their position is, reading this document, although it has the label, you just can't tell. And since this is the critical issue in the case that we've twice told Judge Sedwicky at its side, he needs some help. Why is that so egregious as to call for mandamus? Well, it's a – because it's – this is a gateway threshold question. The question – the Section 1 issue isn't – more simply put, it's does this go to the arbitrator or does it not go to the arbitrator? Not let's have a full trial and retroactively back into whether this is a contract of employment or not. Let's determine the relationship between the parties because that will tell us what they meant four years prior when they signed this agreement. That's what the court is insisting on doing here as opposed to looking at contract formation. Dealing with the discovery issue, we'd posit that no, the court doesn't have to look beyond the four corners of the agreement and there's no mechanism, arguably, to look beyond the four corners of the agreement because this is not a Section 4 matter because it's not the making of the agreement that's at issue. Thank you, counsel. Thank you, Your Honor. Thank you both for your arguments today. The case is just argued to be submitted for decision and will be in recess for the morning.
judges: Thomas, Ikuta, Hurwitz